IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CINDY L. YOUNG,

        Plaintiff,

v.                               CIVIL ACTION NO. 3:12-4573

BANK OF AMERICA, N.A.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff Cindy L Young's Motion to Remand (ECF No. 9), Defendant Bank of America, N.A.'s (BANA) Motion for Relief from Default Judgment (ECF No. 4), and BANA's Motion to Dismiss (ECF No. 18). For the following reasons, the Court **GRANTS** Plaintiff's motion and **REMANDS** this case to the Circuit Court of Cabell County, West Virginia.

**I.
FACTS**

On February 3, 2012, Plaintiff filed suit against BANA in the Circuit Court of Cabell County, West Virginia. In her Complaint, Plaintiff asserts that she and her roommate Daniel Bruno purchased a house together as joint tenants. In 2007, the house was refinanced with Countrywide Home Loans, Inc. (Countrywide), and both Plaintiff and Mr. Bruno executed a Deed of Trust, which lists them both as "Borrowers." They also both signed a "Fixed/Adjustable Rate Rider." However, Mr. Bruno was the only person to sign the "Fixed/Adjustable Rate Note." In 2008, Mr. Bruno moved out of the house and left it to Plaintiff.

Plaintiff asserts she called Countrywide and informed it that Mr. Bruno was no longer living in the house, and she states that Countrywide instructed her to continue making payments on the loan. At some point, BAC Home Loans Servicing, LP (BAC) took over the loan, and Plaintiff states she again was instructed to continue making payments. However, in or around March of 2011, BANA, as successor by merger to BAC, told Plaintiff it would no longer accept payments because Mr. Bruno's name was the only one who signed the "Fixed/Adjustable Rate Note." BANA then foreclosed on the house on January 12, 2012. The house was purchased by Federal National Mortgage Association in the amount of $82,124.84. Plaintiff asserts she never received proper notice of the foreclosure as required by the Deed of Trust. Therefore, she brought this action for breach of contract and illegal debt collection.

As BANA is a foreign corporation which is not authorized to do business in West Virginia, Plaintiff had the Summons and Complaint sent by certified mail by the Secretary of State to BANA's office in Jacksonville, Florida. According to the Secretary of State's Office, the Summons and Complaint were delivered and signed for by "S. Gates" on February 13, 2012. Alejandra Silva, Vice President for BANA, filed an affidavit in which she admits that the Summons and Complaint were received by the mailroom at BANA's office complex in Jacksonville in February.[1] However, she states that "the Summons and Complaint was [sic] not routed properly when it [sic] was received and it [sic] unfortunately was filed in the electronic loan file without any further action by BANA." *Aff. of Alejandra Silva,* at 2-3.

---

[1]The Affidavit states that the Summons and Complaint were received on February 17, 2012.

As BANA did not respond to the action, Plaintiff filed a Motion for Default Judgment. On May 1, 2012, the state court granted the motion. In the Judgment Order, the court voided the foreclosure sale, ordered Plaintiff to resume making payments under the loan for the remaining term of the loan in order to fully satisfy the lien, and awarded Plaintiff $4,474.25 for attorney's fees and costs.

Thereafter, on June 18, 2012, Lisa Meirow, a Mortgage Resolution Specialist II, who worked at BANA's Florida office, became aware of the Summons and Complaint. *Aff. of Alejandra Silva*, at 3. On June 21, 2012, BANA asserts it first learned that the state court had entered a default judgment against it. *Id*. "After learning of the default judgment against it, BANA's legal department continued to investigate the matter and BANA immediately retained legal counsel." *Id*. On August 21, 2012, BANA removed the matter to this Court based upon diversity of jurisdiction.

In her Motion to Remand, Plaintiff asserts, in part, that removal was improper because BANA filed for removal outside the thirty-day prescribed time period set forth in 28 U.S.C. § 1446(b). On the other hand, BANA argues service was defective under West Virginia law and, therefore, the thirty-day window was never triggered. For the following reasons, the Court agrees with Plaintiff that this case should be remanded.

It is well established that "[t]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Orgainic Chemicals Co.*, 29 F.3d 148,

151 (4th Cir. 1994) (citation omitted). Due to federalism concerns, courts must construe removal jurisdiction strictly. *Id*. (citation omitted). "If federal jurisdiction is doubtful, a remand is necessary." *Id*. (citations omitted).

Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b), in part. In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), the United States Supreme Court discussed the requirements of this statute and held "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." 526 U.S. at 347-48. The Supreme Court reasoned this holding comports with the "bedrock principle" that "a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Id*. at 347.

In this case, Plaintiff argues that BANA failed to remove this case within thirty days of being served a copy of Summons and the Complaint. On the other hand, BANA argues it has never received proper service under West Virginia law so the thirty-day time limit was not triggered. Thus, BANA insists it timely removed this case to federal court.

Under West Virginia law, service of process on a foreign corporation not qualified to do business in the State may be accomplished in two ways. First, a plaintiff may make personal service "by delivering or mailing . . . a copy of the summons and complaint to any officer, director, trustee, or agent of such corporation[.]" *Fed. R. Civ. Pro.* 4(d)(8)(A). Second, a plaintiff may effectuate service "by delivering or mailing . . . [a copy of the summons and complaint] to any agent or attorney in fact authorized by appointment or by statute to receive or accept service in its behalf." *Fed. R. Civ. Pro.* 4(d)(8)(B). Pursuant to West Virginia Code § 31D-15-1510(e), "[a]ny foreign corporation doing or transacting business in this state without having been authorized to do so . . . is conclusively presumed to have appointed the Secretary of State as its attorney-in-fact with authority to accept service of notice and process on behalf of the corporation . . . ." W. Va. Code § 31D-15-1510(e), in part. In this case, Plaintiff opted to serve BANA through the Secretary of State.

BANA argues, however, that Plaintiff failed to properly serve it through the Secretary of State because the Summons and Complaint were sent to its Florida office instead of its principal office in Charlotte, North Carolina. BANA specifically points to West Virginia Code § 31D-15-1510(e), which provides, in relevant part, that the Secretary of State shall "transmit one copy of the process or notice by registered or certified mail, return receipt requested, . . . to the corporation at the address of its principal office, which address shall be stated in the process or notice." *Id.*, in part. To the contrary, Plaintiff asserts that BANA ignores the very next sentence in West Virginia Code § 31D-15-1510(e) which states that "[t]he service or acceptance of process or notice is sufficient if the return receipt is signed by an agent or employee

-5-

of the corporation." *Id.*, in part. Thus, Plaintiff argues that service was proper and, even if the Court found it was deficient under subsection (e), the Court should consider it proper under subsection (f), which provides "[t]his section does not prescribe the only means, or necessarily the required means, of serving a foreign corporation." W. Va. Code § 31D-15-1510(f).

Under *Murphy Brothers,* however, the Court finds it need not definitely decide all the service of process issues. With respect to removal jurisdiction, *Murphy Brothers* very clearly states that the thirty-day time period "is triggered by simultaneous service of the summons and complaint[.]" 526 U.S. at 347-48. In this case, BANA does not dispute that it received a formal copy of the Summons and Complaint from the Secretary of State and that one of its employees signed for and accepted those documents in February. Although BANA contests whether service was proper, this is not a case like *Murphy Brothers* in which the defendant received informal notice of a complaint without any summons attached. Here, BANA actually received both the Summons and Complaint in a manner consistent with formal service of process. Even if this Court, for the sake of argument, discounts the receipt of the Summons and Complaint in February because the documents arguably were sent to the wrong location and its legal department was unaware of the action at the time, BANA concedes that on June 18, 2012, it had actual knowledge it received, and its employee signed for, the formal Summons and Complaint sent by the Secretary of State. Thus, no later than June, BANA undeniably knew it had the Summons and Complaint in its possession. Nevertheless, it waited until August 21, 2012, before it removed the case to this Court. Given that it is BANA's burden to prove this case was timely removed, and this Court, at the very least, has serious doubt as to whether federal jurisdiction is proper given the two month

delay in removal from June until August, this Court is required to remand the action back to state court. *See Lewis v. Mobile Training & Educ., Inc.*, Civ. Act. No. 3:09-0135, 2009 WL 1252325, *3 (S.D. W. Va. May 5, 2009) (stating remand is proper where "[t]here is substantial doubt about whether this case was removed within the necessary 30-day window, and about whether federal jurisdiction exists").

Accordingly, the Court **GRANTS** Plaintiff's Motion to Remand ((ECF No. 9), and it makes no ruling on the merits of BANA's Motion for Relief from Default Judgment (ECF No. 4) and its Motion to Dismiss (ECF No. 18).[2]

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to all counsel of record and any unrepresented parties.

ENTER: December 20, 2012

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[2] The Court also finds it unnecessary to address the amount in controversy issue raised by the parties.